UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CHARLES ALLEN TREECE,                )
                                     )
            Plaintiff                )
                                     )
    vs.                              )    Case No. 2:05-cv-00799-IPJ-HGD
                                     )
QUITTIE C. WILSON, et al.,           )
                                     )
            Defendants               )

## MEMORANDUM OPINION

Plaintiff, Charles Allen Treece, a convicted prisoner proceeding *pro se*, has filed a complaint against the Social Security Administration and Quittie C. Wilson, Assistant Regional Commissioner for the Social Security Processing Center at the Southeastern Program Service Center. (Doc. #1). He alleges that constitutional rights guaranteed to him by the ex post facto clause, due process and access to the courts have been violated by defendants because no Social Security Trust Fund checks have been sent to his prison address since the August 23, 2003, date he was initially approved for such benefits.[1] Plaintiff names the Social Security Administration as a defendant, along with Quittie C. Wilson, Assistant Regional

---

[1] Plaintiff is an inmate at Allen Correctional Center in Kinder, Louisiana. He is serving a 35-year sentence imposed in 1995 as a result of his conviction in Louisiana on five counts of armed robbery. *See Treece v. Louisiana*, 2000 WL 1480356 (E.D.La. Oct. 4, 2000).

Commissioner for Processing Center Operations "in his/her official and personal capacity." (Doc. #7, Amended Complaint, at 7).  He believes the denial of his benefits is a "judicial tax" imposed on him because of his incarceration and seeks a court order directing "the Social Security Administration . . . pay all of [his] back pay with interest and damages . . ." and attorney fees. (*Id.* at 21).

Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  While the former 28 U.S.C. § 1915(d) permitted the court to dismiss claims *sua sponte* only if the court found them frivolous or malicious, the new Section 1915A directs the court, in effect, to make and rule on its own motion to dismiss the complaint prior to service.  In order to protect a *pro se* prisoner's right of access to the courts, however, these complaints are read by less stringent standards than formal pleadings drafted by lawyers.  *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed 2d 652 (1972); *Harmon v. Berry*, 728 F.2d 1407, 1409 (11th Cir. 1984); *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976).

## FACTUAL ALLEGATIONS

Plaintiff alleges that he has been trying to receive his Social Security checks since the Social Security Administration (SSA) "initially approved" same on August 23, 2003. (Doc. #7, Amended Complaint, at 7, and Exhibit 2 to Doc. #4). However, he has never received one check and the SSA "has been very sporadic in answering his appeals, . . ." *Id.* Plaintiff includes a copy of the denial of his September 28, 2004, appeal to the SSA's Southeastern Program Service Center in Birmingham, Alabama. (Exhibit 1 to Doc. #4). The response to plaintiff's appeal reads:

> Section 202(x) of the Social Security Act, as it was amended effective February 1, 1995, provides for the suspension of benefits for individuals confined to a prison or other penal institution, for at least one day in the month, for conviction of a crime that can carry a sentence of more than one year (regardless of the actual sentence imposed).
>
> No one is stealing your checks. There are no checks being paid because you are incarcerated.

*Id.* Plaintiff contends he filed an appeal from this decision on October 14, 2004, but has never received a response from the SSA. (Doc. #7 at 2).

Plaintiff requests this court exercise jurisdiction over this action because "Federal courts [have] authority to decide all cases arising under the constitution, laws or treaties of the U.S., . . . [and] the authority to choose among available judicial

remedies in order to vindicate Constitutional rights." (Doc. #7 at 5). First, plaintiff alleges that the SSA is unconstitutionally utilizing § 202(x) against him in violation of the ex post facto clause, because he received a 35-year sentence seven (7) days *before*§ 202(x) was amended. (*Id.* at 4, 14-17). He is also claiming damages under the Fourteenth Amendment of the Constitution for unlawful seizure of his Social Security Trust money. (*Id.* at 6). Finally, plaintiff contends the SSA is "denying him due process and access to the courts[] by not timely filing an answer to his latest appeal." (*Id*. at 7, 17-20).

Next, plaintiff requests permission to pursue a *Bivens* claim against Quittie Wilson, an Assistant Regional Commissioner for Processing Center Operations with the SSA in Birmingham, Alabama. (*Id.*). He concedes that while defendant Wilson was exercising authority granted to her by way of her position, he claims Wilson still acted beyond "his/her statutory powers . . .," because "the powers [e.g., to impose a judicial tax on plaintiff because of his incarceration] themselves or the manner in which they are exercised [are] constitutionally void under the 4th, 5th, and 14th Amendments." (*Id.*).

Plaintiff additionally claims generally that seizure of the funds is a violation of the Eighth Amendment prohibition against cruel and unusual punishment and the Fifth Amendment Double Jeopardy Clause "against multiple punishments." (*Id.* at

11). Finally, plaintiff believes § 202(x) violates the Equal Protection Clause because it only applies to inmates who are 65 or older. (*Id.* at 13).

On January 5, 2006, plaintiff filed a document styled "Petition for Writ of Mandamus" (Doc. #9), which the court construed to be a motion to compel a ruling in this matter. The motion is now moot by virtue of this Memorandum Opinion.

## DISCUSSION

Plaintiff has named the Social Security Administration as a defendant in this action. The Supreme Court has created a cause of action for money damages against federal employees in their *individual* capacities for constitutional violations, uniformly referred to as a *Bivens* action.[2] However, when it was later suggested that *Bivens* liability be extended to federal agencies, the Supreme Court refused such a proposition, stating that *Bivens* liability for individual defendants could not be interpreted as a waiver of a federal agency's sovereign immunity.[3] Since the Social Security Administration has not abrogated its sovereign immunity with respect to *Bivens* claims, plaintiff cannot maintain a *Bivens* action against it.

---

[2] *Bivens v. Six Unknown Named Agents of the Federal Bureau of Investigation*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

[3] *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 484-86, 114 S.Ct. 996, 1005-06, 127 L.Ed.2d 308 (1994).

Plaintiff is not entitled to make *Bivens* claims pertaining to disputes over his receipt of Social Security benefits because the Supreme Court has "declined to imply a *Bivens* remedy for people who were improperly denied Social Security . . . benefits, allegedly as a result of due process violations." *Davis v. District of Columbia*, 158 F.3d 1342, 1346 (D.C. Cir. 1998), *quoting Schweiker v. Chilicky,* 487 U.S. 412, 425, 108 S.Ct. 2460, 101 L.Ed.2d 370 (1988).

The version of § 402(x)(1) which went into effect in 1995 provides, in pertinent part:

> (x) Limitation on payments to prisoners, certain other inmates of publicly funded institutions, fugitives, probationers, and parolees
>
> (1)(A) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month ending with or during or beginning with or during a period of more than 30 days throughout all of which such individual--
>
> (i) is confined in a jail, prison, or other penal institution or correctional facility pursuant to his conviction of a criminal offense,
>
> * * *

The court notes that the version of 42 U.S.C. § 402 in effect at the time of plaintiff's conviction and sentence also allowed the Social Security Administration to suspend

6

benefits to convicted felons serving time in prison. Prior to the 1995 amendment, 42 U.S.C. § 402(x)(1) read:

> (x) Limitation on payments to prisoners
> (1) Notwithstanding any other provision of this subchapter, no monthly benefits shall be paid under this section or under section 423 of this title to any individual for any month during which such individual is confined in a jail, prison, or other penal institution or correctional facility, pursuant to his conviction of an offense which constituted a felony under applicable law, unless such individual is actively and satisfactorily participating in a rehabilitation program which has been specifically approved for such individual by a court of law and, as determined by the Secretary, is expected to result in such individual being able to engage in substantial gainful activity upon release and within a reasonable time.

Therefore, the suspension of Social Security benefits was not a new law imposed after plaintiff's conviction and sentence; it was a consequence of incarceration based on a felony conviction at the time of plaintiff's conviction and sentence, as well.

The challenges plaintiff makes to § 402(x) have been considered and rejected by a number of courts, including the Eleventh Circuit Court of Appeals. In *Andujar v. Bowen*, 802 F.2d 404 (11th Cir. 1986), an inmate brought an action challenging the constitutionality of 42 U.S.C. § 402(x)(1). The Eleventh Circuit rejected the plaintiff's challenges to the statute under the due process clause and ex post facto clauses, and as a bill of attainder or as punishment without trial. *See also Butler v.*

*Apfel*, 144 F.3d 622 (9th Cir. 1998) (statute mandating suspension of social security benefits to incarcerated individuals does not violate due process or equal protection clauses of Fifth Amendment); *Davis v. Bowen*, 825 F.2d 799 (4th Cir. 1987), *cert. denied*, 484 U.S. 1069, 108 S.Ct. 1036, 98 L.Ed.2d 1000 (1988) (blanket suspension by the Secretary of Health and Human Services of social security retirement benefits for incarcerated felons did not violate felon's due process or equal protection rights; the suspension was consistent with discretion granted to the Secretary in the Social Security Act and rationally promoted the legitimate underlying congressional policy goal of conserving scarce social security resources where basic economic needs of incarcerated felon are provided from other public sources); *Caldwell v. Heckler*, 819 F.2d 133 (6th Cir. 1987) (statute, which authorizes termination of benefits during any month of claimant's incarceration for felony, was not "ex post facto law" when applied to claimant who committed act resulting in felony conviction prior to effective date of statute); *Zipkin v. Heckler*, 790 F.2d 16 (2d Cir. 1986) (statute suspending payment of all monthly social security benefits to persons imprisoned as felons rationally reflects policy that prisoners' social security retirement benefit payments be suspended since their substantial economic needs are already met; any contemporaneous payment of social security funds would be wasteful); *Peeler v. Heckler*, 781 F.2d 649 (8th Cir. 1986) (statute suspending social security disability

benefits for incarcerated felons is not an ex post facto law, since there is a rational connection between the provision and a non-punitive goal regulating the distribution of disability benefits; people in prison have their subsistence needs taken care of by the imprisoning jurisdiction; for such reason, it was entirely rational for Congress to suspend federal disability payments to prisoners); *Buccheri-Bianca v. Heckler*, 768 F.2d 1152 (10th Cir. 1985) (statute which provides that there shall be no payment of social security old-age and survivors benefits to convicted felon is constitutional); *Jensen v. Heckler*, 766 F.2d 383 (8th Cir.), *cert. denied*, 474 U.S. 945, 106 S.Ct. 311, 88 L.Ed.2d 288 (1985) (statute suspending payment of social security disability benefits to incarcerated felons who are not involved in an approved rehabilitation program, did not violate due process or equal protection principles by creating an irrational classification, since suspension of benefits was rationally related to Act's policy of compensating for loss of earnings without providing disincentive for rehabilitation, benefits were not suspended to inmate's dependents, and Act avoided discipline problems which cash payments to inmates would create); *Casalvera v. Commissioner of Social Sec.*, 998 F.Supp. 411 (D.Del. 1998), *aff'd*, 176 F.3d 471 (3d Cir. 1999) (suspending social security retirement benefits during recipient's incarceration for felony is not "punishment" and, therefore, does not violate ex post facto clause; Congress intended sanction to be civil as indicated by its decision

authorizing Commissioner of Social Security to make initial determination as to entitlement to benefits, and suspension of social security benefits to those incarcerated is rationally connected to legitimate non-punitive purpose); *Ryan v. Brady*, 776 F.Supp. 1 (D.D.C. 1991), *aff'd in part*, 978 F.2d 744 (D.C. Cir. 1992), *aff'd*, 12 F.3d 245 (D.C. Cir. 1993) (statute providing for suspension of Social Security benefits during incarceration on felony conviction is not unconstitutional); *Sulie v. Bowen*, 653 F.Supp. 849 (N.D.Ind. 1987) (42 U.S.C. § 402(x)(1) was constitutional, as against both due process and ex post facto law challenges, because primary purpose of statute was not punitive, government benefits were non-contractual, and non-punitive purpose was grounded in reason, since prisoners already had their subsistence needs met by imprisoning jurisdiction); *Graham v. Bowen*, 648 F.Supp. 298 (S.D.Tex. 1986) (saving money by denying old age benefits to individuals who were otherwise supported by government, through statute denying social security retirement benefits to imprisoned felons, could not be characterized as irrational, for purposes of inmates' challenges to constitutionality of statute under equal protection aspect of due process clause); *Clary v. Bowen*, 637 F.Supp. 1186 (W.D.N.C. 1986) (statute placing limitations on the payment of retirement benefits to prisoners is rationally related to preserving scarce social security resources while providing incentive to prisoners who would otherwise be denied benefits to

participate in rehabilitation program expected to result in substantial gainful activity upon release, and, thus, did not deny equal protection to prisoner); *Hopper v. Schweiker*, 596 F.Supp. 689 (M.D.Tenn. 1984), *aff'd*, 780 F.2d 1021 (6th Cir. 1985), *cert. denied*, 475 U.S. 1111, 106 S.Ct. 1522, 89 L.Ed.2d 920 (1986) (Congress' decision to suspend by statute incarcerated prisoner's disability benefits was not without rational justification; thus, subsec. (x) of this section which suspends social security benefits for prisoners convicted of felonies for the duration of their incarceration unless prisoner is involved in court-approved rehabilitation program is not unconstitutional); *Palacio v. Secretary of HHS*, 1987 WL 123923, Unempl. Ins. Rep. (CCH) ¶ 17991.5 (C.D.Cal. Apr. 6, 1987) (application of § 402(x) to deny retirement benefits to prisoner convicted of felony does not violate prisoner's right to due process or equal protection; in light of fact that incarcerated felon is maintained at public expense, denying such benefits is wholly consistent with purpose of Social Security Act to alleviate economic hardship, and § 402(x) does not constitute ex post facto law or bill of attainder, since denying benefits does not constitute type of punishment envisioned by ex post facto or bill of attainder clauses).

    Plaintiff complains that defendants have denied him due process and access to the courts by unduly delaying a response to his appeal filed in October 2004. Because plaintiff is not entitled to Social Security benefits, any delay in response has

not denied him due process. Further, because he has obtained a ruling on his claims from this court, he has not been denied access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 348, 351, 116 S.Ct. 2174, 2178, 2180, 135 L.Ed.2d 606 (1996) (requiring establishment of "relevant actual injury").

Plaintiff also complains that defendants have violated the Fifth Amendment by taking his property without just compensation. Because plaintiff has no legal entitlement to Social Security retirement benefits while he is incarcerated, the benefits have not been "taken" from him and he has no property interest in the benefits for which he is due "just compensation." Further, because the law permits the suspension of his Social Security benefits while he is incarcerated, defendants have not committed an illegal seizure within the meaning of the Fourth Amendment. In addition, rather than being a "judicial tax" imposed upon plaintiff, the suspension of his retirement benefits is simply a legal consequence of his conviction and imprisonment provided by a constitutional statute. Just because plaintiff was not informed of this collateral consequence of his conviction does not make the suspension of benefits improper or illegal.

In his amended complaint, plaintiff states in the title that the amended complaint is a petition for relief under, *inter alia*, the Federal Tort Claims Act, 28 U.S.C. §§ 2671, et seq. The FTCA applies to

> any claim for money damages against the United States for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred . . .

28 U.S.C. § 2672. Because plaintiff has not lost property or suffered personal injury through any negligence or wrongful act or omission of defendant Wilson, he cannot recover under the FTCA.

## CONCLUSION

Based on the foregoing, the complaint is due to be dismissed for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915A(b). An appropriate order will be entered.

DONE this 26th day of January 2006.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE